[No. 3329.  Decided May 18, 1900.]

THE STATE OF WASHINGTON *on the Relation of Sterling Timber Company* v. WILL D. JENKINS, *Secretary of State.*

CORPORATIONS—LICENSES TO DO BUSINESS—WHEN BEGIN TO RUN.

Under Laws 1897, p. 135, § 5, which provides that every corporation doing business in the state "shall on or before the first day of July of each and every year pay to the secretary of state" a license fee of ten dollars; and any corporation failing to pay such annual license fee, "on or before the first day of July of each and every year, and desiring to pay the same thereafter, and before the first day of January next following, shall pay to the secretary of state," in addition to said license fee, a further sum of two dollars and fifty cents, as a penalty for such failure, the year contemplated by the statute for the running of the

license, is for the annual period beginning July 1st, and not for the calendar year.

### Original Application for Mandamus.

*Charles E. Shepard,* for relator.

*Thomas M. Vance,* for respondent.

PER CURIAM.—This was an original application for a writ of mandate directed to the respondent, as secretary of state, requiring him to issue an annual corporate license to the relator for the calendar year 1899. The case calls for a construction of § 5, ch. 70, Session Laws of 1897, p. 135, which is as follows:

" Every corporation incorporated under the laws of this state, and every foreign corporation having its articles of incorporation on file in the office of the secretary of state shall, on or before the first day of July of each and every year, pay to the secretary of state, for the use of the state, the following license fees: Every corporation having a capital stock, ten dollars. Every corporation failing to pay the said annual license fee, on or before the first day of July of each and every year, and desiring to pay the same thereafter, and before the first day of January next following, shall pay to the secretary of state, for the use of the state, in addition to the said license fee, the following further fee, as a penalty for such failure: Every corporation, two dollars and fifty cents. Every corporation failing to pay the said license fees and penalties on or before the thirty-first day of December of any year shall forfeit the sum of five dollars for every day which it shall continue to do business as a corporation, after said date, to be recovered in an action in any court of competent jurisdiction."

The point to be decided is, when does the "year" referred to in the section begin? One of three constructions must be given: First, a year beginning on the date when the corporation is created; second, a year beginning on

July 1st; third, the calendar year. The practice heretofore prevailing in the department, and the one contended for by the respondent, is that the license runs from the year beginning on July 1st; while the relator's contention is that the license should be for a calendar year. The language of the section is somewhat vague and uncertain, but we are of the opinion that the department has adopted that construction which better comports with the object sought to be attained in the passage of the act and the public convenience. It will be observed that the section directs that payment shall be made by July 1st, and it is only reasonable to infer therefrom that it was also intended that the period for which the license is granted should begin at that time. We think the interpretation placed upon it by the department is reasonable, and are not convinced that the construction contended for by the relator is justified by the language of the act.

The writ will be denied.